**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN RAY WOOLDRIDGE,** | ) | |
| **ID # 1318227,** | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-1783-D-BH |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for possession with intent to distribute a controlled substance in Cause No. F01-40878-MS. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On January 21, 2005, petitioner was convicted of possession with intent to distribute a controlled substance and was sentenced to thirty-five years imprisonment. TR$^1$ at 73 (judgment). On October 17, 2006, the court of appeals affirmed his conviction. *Wooldridge v. State*, No. 05-05-00263-CR, 2006 WL 2948830, at *1-5 (Tex. App. – Dallas Oct. 17, 2006, no pet.). It granted petitioner until December 18, 2006, to file a petition for discretionary review (PDR). *See* S.H. Tr.-01$^2$

---

$^1$ "CR" refers to the clerk's record.

$^2$ "S.H. Tr.-01" denotes the state habeas records related to petitioner's first state application.

at 17 (petitioner's memorandum in support of his first state writ); (Answer at 3). Despite the extension of time, petitioner filed no PDR. *See Wooldridge v. State*, No. 05-05-00263-CR, http://www.courtstuff.com/FILES/05/05/05050263.HTM (docket sheet information generated Dec. 17, 2008) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

On August 17, 2007, petitioner filed his first state application for writ of habeas corpus. *See* S.H. Tr.-01 at 2. On March 5, 2008, the trial court recommended that the application be denied after procuring affidavits from petitioner's attorneys. *See id.* at 65-68. On March 19, 2008, a Dallas County clerk certified the habeas record and transmitted it to the Court of Criminal Appeals. *Id.* at 84. On April 9, 2008, the Court of Criminal Appeals dismissed the writ without elaboration for non-compliance with unspecified appellate rules. *See Ex parte Wooldridge*, No. 69,618-01, slip op. at 1 (Tex. Crim. App. Apr. 9, 2008). On April 29, 2008, petitioner filed a second state writ with a note that his prior habeas application had been dismissed pursuant to Tex. R. App. P. 73.1.[3] *See* S.H. Tr.-02[4] at 2, 19. The Court of Criminal Appeals denied that writ on July 16, 2008. *See Ex parte Wooldridge*, No. 69,618-02, slip op. at 1 (Tex. Crim. App. July 16, 2008).

Petitioner filed his federal petition and brief in support on October 1, 2008. (*See* Pet. Writ Habeas Corpus (Pet.) at 9; Br. Supp. at 1-3); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th

---

[3] Rule 73.1 provides the form to be utilized for non-capital, state habeas applications. According to that rule, petitioners must use the prescribed form, provide all information required by the form, specify all grounds for relief, set forth a summary of the facts supporting each ground, and verify the application in one of two ways. The application "must not cite cases or other law" and "must be typewritten or handwritten legibly." Texas Rule of Appellate Procedure 73.2 governs noncompliance for state postconviction applications for writs of habeas corpus and provides:

> The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

[4] "S.H. Tr.-02" denotes the state habeas records related to petitioner's second application.

Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He asserts numerous claims of ineffective assistance of trial and appellate counsel. (Pet. at 8-10; Mem. at 2, 5-33.)

On February 27, 2009, respondent filed an answer in which he urges the Court to deny the federal petition as untimely and without merit. The Court twice extended the time to file a reply brief. Instead of filing a reply brief by the June 2, 2009 deadline established by the second granted extension, petitioner filed a motion essentially seeking another extension of 150 days so as "acquire knowledge of the case law used in Respondent's Answer, file a Reply and represent himself before this Court."

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known

through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  As § 2244(d)(1) relates to this case, the one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his conviction but filed no PDR despite an extension of time to do so.  The state conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* on December 18, 2006, the date to which the court of appeals extended the deadline for such filing.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate).  With regard to subparagraph (D), the facts supporting the claims raised in the petition became known or could have become known prior to the date petitioner's state judgment of conviction became final on December 18, 2006.  Petitioner would have known or should have known through the exercise of due diligence the factual predicate of each of his claims.

Because petitioner filed his original petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his October 1, 2008 filing untimely.

## II.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this*

*subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). The clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Because the Texas Court of Criminal Appeals dismissed petitioner's first state application for writ of habeas corpus, it was not properly filed so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2).

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (footnote and citations omitted). In the Fifth Circuit, "a properly filed application is one submitted according to the state's procedural requirements", and the courts narrowly interpret the words "properly filed." *Lookingbill v. Cockrell* 293 F.3d 256, 260 (5th Cir. 2002) (citations omitted). When a court dismisses a state application for writ of habeas corpus as non-compliant, such application is not properly filed according to the state's procedural requirements.

Because it was not properly filed, petitioner's first state application does not statutorily toll the limitations period. Petitioner did not file his second state application until after the limitations

5

period had expired. It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision therefore does not save the federal petition filed October 1, 2008.

Petitioner argues that he should be held to a lesser standard because he has proceeded pro se and without counsel throughout the state and federal habeas processes. (Br. Supp. at 2.) He asks the Court to equitably toll the limitations period during the pendency of his first and second state applications for writ of habeas corpus. (*Id.*)

Petitioner's arguments do not present rare and exceptional circumstances that warrant equitable tolling.[5] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Equitable tolling is not warranted merely because a petitioner was without counsel during the state and federal post-conviction processes and was not well-versed in the law. Lack of representation and unfamiliarity with the law and legal process do not merit equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Further, both the Fifth Circuit Court of Appeals and this district court have rejected requests for equitable tolling in cases where an improperly filed state habeas application has been returned to the applicant after its initial acceptance by the state court. *See*, *e.g.*, *Edwards v. Dretke*, 116 Fed. App'x 470, 471 (5th Cir. 2004); *Gonzalez v. Quarterman*, No.

---

[5] Relying on *Bowles v. Russell*, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions. (*See* Answer at 10.) However, the Fifth Circuit has specifically rejected such argument. *See Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam). Furthermore, as noted in the Eastern District of Texas: "Respondent overlooks the fact that *Bowles* referred to time limits which are *jurisdictional*, such as notices of appeal, and the habeas corpus statute of limitations is not jurisdictional." *Patterson v. Director, TDCJ-CID*, No. 6:07-CV-326, 2007 WL 4368583, at *6 n.2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.

3:08-CV-0151-D, 2008 WL 4055779, *3-5 (N.D. Tex. Aug. 20, 2008) (adopting recommendation of Mag. J.); *Whitlock v. Quarterman*, No. 3:05-CV-1232-M, 2006 WL 2389361, at *3 (N.D. Tex. Aug. 18, 2006), *aff'd* No. 06-11066, 2008 WL 3244282 (5th Cir. Aug. 08, 2008). *But see Ramos v. Dretke*, No. 4:04-CV-459-A, 2004 WL 2983059, at *1 (N.D. Tex. Dec. 23, 2004) (granting equitable tolling).

In addition, petitioner has not shown that he diligently pursued relief under § 2254. Even though his conviction became final in January 2007 and he would have known the factual basis for his claims at that time, petitioner waited approximately seven months before filing his procedurally defective state habeas application. Although he promptly filed his second state application in the same month that his first one was returned to him, he waited two months to file his federal petition after the denial of that second application. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim." *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002). Due to the unexplained lengthy delay prior to pursuing federal habeas relief, petitioner is entitled to no equitable tolling.

In the absence of equitable tolling, this action falls outside the statutory period and should be deemed untimely.

### III. MOTION FOR DISCOVERY

Although the body of petitioner's motion seeks an additional extension of 150 days to file a reply, the title of the motion contains an express request for discovery. The circumstances of this case do not warrant discovery, and petitioner has shown no good cause for discovery. *See* Rule 6

7

of the Rules Governing Section 2254 Cases in the United States District Courts.  To the extent that petitioner seeks discovery, the motion is denied.  The request for a third extension of time to file a reply brief is also denied because the briefing and records before the Court clearly reflect that this action is untimely, and petitioner has already explained his position on tolling.

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 4th day of June, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8